UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                  Case No. 8:10-CR-530-T-33AEP

LOUIS FERNANDEZ, JR.

### PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Robert E.

O'Neill, United States Attorney for the Middle District of Florida, and the defendant,

LOUIS FERNANDEZ, JR., and the attorney for the defendant, Andrew Shein, P.A.,

mutually agree as follows:

**A.      Particularized Terms**

    1.      Count Pleading To

        The defendant shall enter a plea of guilty to Count One.  Count One

charges the defendant with conspiring to

        1)  distribute and possess with intent to distribute quantities of controlled substances, primarily oxycodone, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1);

        2) dispense and distribute, and cause to be dispensed and distributed, quantities of controlled substances, primarily oxycodone, a Schedule II controlled substance, not for a legitimate medical purpose and not in the usual course of professional practice, contrary to Title 21, United States Code, Section 841(a)(1);

        3)  use, and cause to be used, a registration number that was issued to another person in the course of distributing and dispensing controlled substances, primarily oxycodone, a Schedule II Controlled Substance, contrary to Title 21, United States Code, Section 843(a)(2);

Defendant's Initials _____                          AF Approval _____

4)  acquire and obtain possession, and cause the acquiring and obtaining of possession, of controlled substances, primarily oxycodone, a Schedule II Controlled Substance, by misrepresentation, fraud, forgery, deception or subterfuge, contrary to Title 21, United States Code, Section 843(a)(3); and

5)  open, lease, rent, use and maintain, and cause to be opened, leased, rented, used, and maintained, certain places for the purpose of distributing and dispensing controlled substances, primarily oxycodone, a Schedule II Controlled Substance, contrary to Title 21, United States Code, Section 856(a)(1),

All in violation of Title 21, United States Code, § 846.

2.    <u>Minimum and Maximum Penalties</u>

Count One is punishable by a term of imprisonment of up to 20 years, a fine of up to $1 million, a term of supervised release of at least 3  years, and a special assessment of $100, said special assessment to be due on the date of sentencing.

3.    <u>Elements of the Offense</u>

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty.  The elements of Count One are:

<u>First</u>:    That two or more persons in some way or manner came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the Indictment.

<u>Second</u>:    That the defendant, knowing the unlawful purpose of the plan, willfully joined in it; and

<u>Third</u>:    That the object of the unlawful plan was to That the object of the unlawful plan was 1) distribute and possess with intent to distribute, 2) to distribute or  dispense not for a legitimate medical purpose and not in the usual course of professional practice, 3) to use or cause to be used a registration number that was issued to another person in the course of distributing and dispensing, 4) to acquire and obtain by misrepresentation, fraud, forgery, deception or subterfuge,

Defendant's Initials                 2

and 5) to use and cause to be used certain places for the purpose of distributing and dispensing, controlled substances, primarily oxycodone, a Schedule III controlled substance, as charged.

4.   No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

5.   Underline: Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant complies with the provisions of USSG §3E1.1(b), the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level.  The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees

Defendant's Initials _____          3

that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

6. <u>Low End</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a sentence at the low end of the applicable guideline range, as calculated by the Court.  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

7. <u>Safety Valve Provision</u>

The United States will not oppose the defendant's request to the Court that it impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, pursuant to USSG §5C1.2, if the Court finds that the defendant meets the criteria set forth in 18 U.S.C. § 3553(f).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

8. <u>Cooperation - Substantial Assistance to be Considered</u>

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and

Defendant's Initials _____      4

other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require.  If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both.  If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b).  In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

9.    Use of Information - Section 1B1.8

Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

Defendant's Initials _____         5

10.    Cooperation - Responsibilities of Parties

a.    The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime.  However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b.    It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(1)    The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2)    The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement.  With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses

Defendant's Initials _____                6

punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)     The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)     The government may use against the defendant its own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5)     The defendant will not be permitted to withdraw the guilty plea to that count to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to the count to which the defendant has pled; or in the

Defendant's Initials _____     7

alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

11.   Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to Title 21, United States Code, Section 853, and Title 18, United States Code, Section 982(a)(1), whether in the possession or control of the United States or in the possession or control of the defendant or defendant's nominees.  The assets to be forfeited specifically include, but are not limited to, the following:

    (a)    $1,609,520.00 in U.S. currency, seized from Regions Bank on May 20, 2010;

    (b)    $2,545.00 in U.S. currency, seized from Christopher Switlyk on May 20, 2010;

    (c)    $7,960.00 in U.S. currency, seized from Thomas Curtiss on May 20, 2010;

    (d)    $425,730.00 in U.S. currency, seized from VIP Pharmacy on May 20, 2010;

    (e)    $25,630.00 in U.S. currency, seized from Tampa Bay Wellness Center on May 20, 2010;

    (f)    Regions Bank cashier's check #5003014747, in the amount of $42,101.94, seized on May 21, 2010;

    (g)    363 assorted money orders in the amount of $267,650.00, seized from VIP Pharmacy on May 20, 2010; and

    (h)    6 assorted money orders in the amount of $4,000.00, seized from Thomas Curtiss on May 20, 2010.

Defendant's Initials _E.F._                    8

In addition, the defendant shall be subject to a forfeiture money judgment in the amount of $10,700,592.00, representing the amount of proceeds, or property derived from proceeds, or property involved in, the offenses to which the defendant is pleading guilty, for which the defendant shall be jointly and severally liable with his co-defendants in this case. The net proceeds from the forfeiture of the assets enumerated above shall be credited toward the satisfaction of this money judgment. The defendant hereby represents that he has no right, title, or interest in any other assets (*e.g.*, cash, personal property, or real property) listed in the Indictment (Doc. 1) or Bill of Particulars (Doc. 67) in *United States v. Fernandez, et al.*, Case No. 8:10-CR-530-T-33AEP.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action. The defendant also hereby agrees that the forfeiture described herein is not excessive and, in any event, the defendant waives any constitutional claims that the defendant may have that the forfeiture constitutes an excessive fine.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to the provisions of Rule 32.2(b)(1), the United States and the defendant request that at the time of accepting this plea agreement, the court make a determination that the government has established the requisite nexus between the property subject to forfeiture and the offense(s) to which defendant is pleading guilty and enter a preliminary order of forfeiture. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture shall be

final as to the defendant at the time it is entered, notwithstanding the requirement that it be made a part of the sentence and be included in the judgment.

The defendant agrees to forfeit all interests in the properties described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Defendant further agrees to take all steps necessary to locate property and to pass title to the United States before the defendant's sentencing.  To that end, defendant agrees to fully assist the government in the recovery and return to the United States of any assets, or portions thereof, as described above wherever located.  The defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control and those which are held or controlled by a nominee.  The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.

The defendant agrees that the United States is not limited to forfeiture of the property described above.  If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above.

Defendant's Initials _____            10

This Court shall retain jurisdiction to settle any disputes arising from application of this clause.  The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

**B.**   **Standard Terms and Conditions**

1.   Special Assessment and Fine

On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing.  The defendant understands that this agreement imposes no limitation as to fine.

2.   Supervised Release

The defendant understands that the offense to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.   Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count to which defendant pleads, to respond to comments made by the defendant or

Defendant's Initials _L. F._                 11

defendant's counsel, and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this plea agreement, an affidavit reflecting the defendant's financial condition.  The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office or any victim named in an order of restitution, or any other source, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

4.     Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement.  The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office.  The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office.  Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the

Defendant's Initials _L.F._                      12

government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement.  The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

     5.    Appeal of Sentence-Waiver

       The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

     6.    Middle District of Florida Agreement

Defendant's Initials _____          13

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

7.    Filing of Agreement

This agreement shall be presented to the Court, in open court and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

8.    Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind other than the concessions contained herein, and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the nature of the offense to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel.  The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there

Defendant's Initials _J.F._                14

will be no trial. Defendant knowingly and voluntarily waives any rights defendant has under federal law to a jury determination of any fact affecting defendant's sentence. The defendant further understands that if the defendant pleads guilty, the Court may ask defendant questions about the offense to which defendant pleaded, and if defendant answered those questions under oath, on the record, and in the presence of counsel, defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offense to which defendant has pleaded and, if such offense is a felony, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

      9.    <u>Factual Basis</u>

      Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case go to trial the Untied States would be able to prove those facts beyond a reasonable doubt:

FACTS

From as early as 2008, Marco BELTRAN, Christopher SWITLYK (a Florida pharmacist with license PS36908), and later, in January 2010 Kimberly CURTISS conspired together to operate a pharmacy, the VIP Pharmacy with state license PH23674 at 1947 W. Martin Luther King Blvd, (formerly the TNC Pharmacy, previously located at 7802 West Waters Avenue, Tampa, Florida) for the purpose of causing the unlawful possession, distribution and dispensing controlled substances, primarily oxycodone. Later, in approximately December 2008, Louis FERNANDEZ, III, and then in December 2009, Louis FERNANDEZ, Jr. joined the conspiracy to operate and maintain pain management clinics, including SUPERIOR INJURY CENTER, located at 1779 West Hillsborough Avenue, Tampa, Florida and TAMPA BAY WELLNESS CENTRE at 2137 W. Martin Luther King Blvd. The overall conspiracy continued to November 3, 2010.

Defendant's Initials _____

During the period of the charged conspiracy, defendant Christopher SWITLYK was a pharmacist licensed in the State of Florida.  SWITLYK owned and operated the TNC Pharmacy, doing business as (dba) VIP Pharmacy.  SWITLYK applied for and obtained the DEA registration number FT1155907 for the TNC Pharmacy, dba VIP Pharmacy to dispense, administer and prescribe controlled substances in Schedules II through V.

Defendants Louis FERNANDEZ, Jr., Louis FERNANDEZ, III and Marco BELTRAN were owners, operators, managers and employees of medical businesses, including, but not limited to Superior Injury Center and Tampa Bay Wellness Center. Louis FERNANDEZ JR., nor Louis FERNANDEZ, III were licensed medical professionals in any capacity in the State of Florida.  Marco BELTRAN was also an employee and licensed pharmacy technician in the State of Florida working at TNC Pharmacy, dba VIP Pharmacy in Tampa, Florida.  Kimberly CURTISS was also employed by TNC Pharmacy, dba VIP Pharmacy but was not licensed in any capacity as a medical professional in the State of Florida.

The defendants illegally operated the clinics and pharmacy by facilitating the distribution of quantities of controlled substances, primarily Oxycodone, not for a legitimate medical purpose and not in the usual course of professional practice and opening, leasing, renting, using or maintaining a place for the purpose of distributing and dispensing controlled substances.

Defendant's Initials

16

BELTRAN, FERNANDEZ III AND FERNANDEZ, JR., in operating the clinics, allowed or caused blank prescription pads from the clinics to be sold, bartered or used and forged with physician's names, signatures and DEA registration numbers in order to illegally fill and dispense controlled substances out of pharmacies, including the TNC and VIP Pharmacies.

BELTRAN, FERNANDEZ JR., and FERNANDEZ, III, in operating the clinics, knew that patients presented or caused to be presented false and fraudulent documentation in order to justify the issuance of prescriptions for controlled substances by physicians and non-physicians from the clinics that were not issued for a legitimate medical purpose nor in the course of professional practice.

The total amount of prescriptions for oxycodone issued at the clinics that were false, fraudulent or otherwise not issued in accord with legitimate medical purposes and not in the usual course of professional practice exceeds 150,000 pills in doses including 15, 30, 40 and 80 milligrams.

Defendants BELTRAN, CURTISS and others, while employed at the TNC and/or VIP Pharmacies, with the knowledge and concurrence of defendant SWITLYK, illegally filled prescriptions for controlled substances, including oxycodone, at the VIP Pharmacy without the supervision or presence of a licensed pharmacist, knowing that said prescriptions were forged or otherwise not issued for a legitimate medical purpose and not in the usual course of professional practice.

Defendants BELTRAN and SWITLYK also caused and allowed many bottles of

Defendant's Initials

17

oxycodone to be distributed and sold out of the TNC and VIP Pharmacies to individuals without any prescriptions whatsoever. They would then produce or cause to be produced forged prescriptions and false pharmacy patient profiles in order to appear that they had legitimately dispensed all the oxycodone that was illegally distributed.

According to data compiled by the Drug Enforcement Administration, and supported by records seized at the VIP Pharmacy during the execution of the search warrant on May 20, 2010, from January to December 2009, the TNC Pharmacy (Registrant for VIP and former TNC Pharmacy) purchased from various wholesalers a total of **1,541,640** dosage units of oxycodone. This compares to an average of 111,874 dosage units by Florida pharmacies and an average of 62,931 dosage units by pharmacies across the United States during the same time period.

From January 2010 through May 20, 2010, the TNC Pharmacy, d/b/a/ VIP Pharmacy, purchased a total of **1,241,400** dosage units of oxycodone. This compares to an average of 48,322 dosage units by Florida pharmacies and an average of 15,663 dosage units by pharmacies across the United States during the same time period. At the time the search warrant was executed at the VIP Pharmacy on May 20, 2010, there were 107,892 tablets left in inventory.

According to witnesses interviewed and records seized during this investigation, the price for oxycodone sold by the VIP Pharmacy for prescriptions was between $2.00 and $4.00. The oxycodone that was sold out of the pharmacy without a prescription ranged from $6.00 to $7.00 per pill.

Based just on the 2,675,148 dosage units of oxycodone that the TNC Pharmacy

Defendant's Initials _____

sold between January 2009 through May 2010 (2,783,040 dosage units purchased less the 107,892 dosage units left in inventory at the time of the May 20, 2010 search warrant) at an average price of $4 per pill, at least $10,700,592.00 constitutes proceeds, or property derived from proceeds obtained directly or indirectly from, or property involved in, the offenses to which the defendant is pleading guilty. Additionally, because the TNC and VIP Pharmacies were used to commit and facilitate the commission of such offenses, any property of the business, including at least $10,700,592.00 obtained from the sale of oxycodone, is subject to forfeiture. Accordingly, the parties agree that for forfeiture purposes, the defendant shall be jointly and severally liable with his co-defendants in this case for a forfeiture money judgment in the amount of $10,700,592.00.

      10.    <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials

19

11.     Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by or has been read to the defendant and that defendant fully understands its terms.

DATED this _19th_ day of _August_ , 2011.

ROBERT E. O'NEILL
United States Attorney

LOUIS FERNANDEZ, JR.                    By: _____
Defendant                               KATHY J.M. PELUSO
                                        Assistant United States Attorney

ANDREW SHEIN, P.A.                      JOSEPHINE W. THOMAS
Attorney for Defendant                  Assistant United States Attorney

                                        (For) _____
                                        JOSEPH K. RUDDY
                                        Assistant United States Attorney
                                        Chief, Narcotics