**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

vs.                                                  Case No.: 8:10-CR-530-T-33AEP

LOUIS FERNANDEZ, JR.
_____/

**DEFENDANT'S SENTENCING MEMORANDUM**

**COMES NOW**, the Defendant, **LOUIS FERNANDEZ, JR.**, by and through his undersigned counsel, respectfully requests a sentence below the advisory guideline range to include home detention followed by supervised release, pursuant to Section 18 U.S.C. §3553(a)(1)-(7), and as grounds in support thereof, Mr. Fernandez, Jr. states as follows:

1. On October 5, 2011, the Defendant pled guilty with a plea agreement with the Government to Count One of the Indictment which charged him with conspiracy to possess a controlled substance with intent to distribute.
2. The Defendant is set for sentencing before this Court on January 24, 2013, at 9:30 am.
3. The United States Probation department identified factors in paragraph 114 of the PSR dated January 15, 2013, that warranted the Court's consideration in a below guideline sentence.
4. After a full and careful review of the facts of this case, the history and characteristics of the Defendant, as well as post arrest mitigating factors, a fair and reasonable sentence for this Defendant is a period of home detention followed by supervised release.

**18 U.S.C. §3553**

The Defendant asserts a sentence of home detention followed by supervised release is a sentence that is sufficient but not greater than necessary to comply with the purposes of sentencing pursuant to §3553. The facts and or factors that show the Defendant's sentence should be below the advisory guideline range are:

1. The Defendant is 67 years of age.

1

2. Before this case, the Defendant has never been involved in any illegal activities. (PSR ¶ 114)

3. The Defendant has been in a stable, loving marriage with his wife Gloria Fernandez for over 45 consecutive years. (PSR ¶71)

4. The Defendant has maintained long term stable employment throughout his lifetime up until his retirement. (PSR ¶ 114)

5. The Defendant also assisted his wife in raising their 3 children. (PSR ¶ 105)

6. The Defendant is involved in the lives of his grandchildren. (PSR ¶ 114)

7. The Defendant's involvement in this pending criminal case is out of character, and not indicative of a lifetime of stability. (PSR ¶ 114)

8. The Defendant played a Minor Role in this criminal conspiracy. (PSR ¶60)

9. The Defendant's Minor Role is further evidenced by the fact that unlike his co-Defendants, the Defendant did not have any sizeable money and/or property seized in this case.

10. The Defendant has never used illegal drugs and does not drink alcohol. (PSR ¶ 85).

11. The Defendant's age, clean record, remorse for his actions, strong/stable family unit, and his lack of using drugs or alcohol, make it clear he is not at all a risk to re-offend.

12. The Defendant suffers from various medical ailments to include: diabetes, high blood pressure, neuropathy of the feet, heart murmur, and a hearing loss in both ears. (PSR ¶ 81).

13. The Defendant also had surgery on his eyes in 2010 due to complications resulting from his diabetes. (PSR ¶ 81)

14. The Defendant worked for Pepin Distributors as a salesman and package driver from 1970 through 1981. (PSR ¶ 92)

15. The Defendant owned various bars and liquor stores in the Tampa Bay area for 22 years prior to his retirement. (PSR ¶ 91)

16. The Defendant is focused on staying healthy, attending all routine doctor visits and check-ups, and spending as much time as he can with his wife, mother, children, and grandchildren.

17. The Defendant and his wife currently live off the approximately $997 per month in his Social Security benefits plus the approximate $2,200 per month is wife earns in her office job. (PSR ¶ 71 and ¶ 93)

18. The Defendant is shamed by his conduct in this case and is devastated that at 67 years of age he will be a convicted felon and lose many important and cherished rights. This is a serious punishment in and of itself for a proud man, husband, father, grandfather, and long standing member of the community.

19. Since his arrest in this case, the Defendant has never tested positive for illegal drugs, has not been arrested for committing any other crimes, and has fully complied in all respects with Pre-Trial Services. (PSR ¶41)

20. <u>Every day</u>, the Defendant visits his 91 year old mother, who suffers from dementia, at her assisted living facility in Tampa. The Defendant is one of the only people his mother still recognizes and she is always happy to see him.

## **MEMORANDUM OF LAW**

In <u>United States v. Booker,</u> 125 S. Ct. 738 (2005) the United States Supreme Court rendered the United States Sentencing Guidelines to be "effectively advisory." <u>Booker,</u> 125 S. Ct. at 756. Pursuant to <u>Booker</u>, sentencing courts are required to consider a defendant's Guideline range, but may "tailor the sentence in light of other statutory concerns as well." *Id*. (*citing* 18 U.S.C. § 3553(a)).

In effect, federal district courts must consider the seven factors set forth by Section 3553(a) in determining a sentence:

   (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
   (2) the need for the sentence imposed –
      (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
      (B) to afford adequate deterrence to criminal conduct;
      (C) to protect the public from further crimes of the defendant; and
      (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
   (3) the kinds of sentences available;
   (4) [the applicable Sentencing Guidelines];
   (5) any pertinent [Sentencing Guidelines] policy statement;
   (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
   (7) the need to provide restitution to any victim of the offense.

*See* 18 U.S.C. § 3553(a).

Section 3553(a) embodies the "parsimony principle," which requires a district court to "assign a sentence sufficient, but not greater than necessary to comply with the purpose of

sentencing" set forth in Section 3553(a)(2).  *United States v. Lacy*, 99 F. Supp. 369, 378 (E.D.N.Y. 1994) ("parsimony" is a "key provision" of Section 3553(a)), *vacated on other grounds*, *United States v. DeRiggi*, 45 F.#d 713 (2d Cir. 1995); *see also generally* ABA STANDARDS OF CRIMINAL JUSTICE §18-2.4 (sentences "imposed, taking into account the gravity of the offense, should be no more than necessary to achieve the social purposes for which they are authorized").

Sentencing under Section 3553(a) therefore requires the Court to start with the minimum sentence permissible and add only so much additional punishment, if any, as necessary to comply with the purposes of Section 3553(a).

## ARGUMENT

The Defendant is a 67 year old man who has lived a life of hard work and dedication to his family.  Mr. Fernandez is the center of four generations of his family as he is the patriarch and beloved father figure to all.  The Defendant cares for his 91 year old mother, his godmother, his wife, his siblings, his children, his grandchildren and scores of nephews and nieces.  He has lived drug and alcohol free and been a loving son, husband, father, and grandfather.  His conduct in this case is completely out of character for him and not indicative of his life of stability.  The Defendant played a Minor Role in this offense.  The Defendant pled guilty with a plea agreement in a timely manner and accepted responsibility for his actions. The Defendant's lack of prior record, age, family situation, and his personal history and characteristics illustrate that he is <u>NOT</u> a danger to the community and that he is <u>NOT</u> a risk at all to re-offend.  Further, at his age, with his minor involvement, and with his medical issues, a sentence of home detention followed by supervised release is a reasonable sentence in this case.  This sentence would satisfy all of the principles set forth in §3553.

**WHEREFORE**, Mr. Louis Fernandez, Jr. respectfully requests this Honorable Court find that the Defendant should be sentenced to home detention followed by supervised release pursuant to Section 18 U.S.C. §3553(a)(1)-(7);

**WHEREFORE**, Mr. Louis Fernandez, Jr. respectfully requests this Honorable Court find that the Defendant should not be remanded at sentencing, but rather be given the opportunity to self-report to home detention.

**RESPECTFULLY SUBMITTED**

   **s/ Andrew Shein**
Andrew Shein, Esq.
FLBar #0145734
Attorney for Defendant
**The Law Offices of Andrew Shein, P.A.**
3605 West Azeele Street
Tampa, FL  33609
(813) 877-4357
(813) 877-4356 (fax)
E-mail:  sheinlaw@hotmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on   January 21, 2013   , I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Kathy Peluso, Office of the United States Attorney
and

   **s/ Andrew Shein**
Andrew Shein, Esq.
FLBar #0145734
Attorney for Defendant
**The Law Offices of Andrew Shein, P.A.**
3605 West Azeele Street
Tampa, FL  33609
(813) 877-4357
(813) 877-4356 (fax)
E-mail:  sheinlaw@hotmail.com