AO 245B (Rev 06/05) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE**

CASE NUMBER: 8:10-cr-530-T-33AEP
USM NUMBER: 53914-018

vs.

LOUIS FERNANDEZ, JR. | Defendant's Attorney: Andrew Shein, CJA

THE DEFENDANT:

__X__ pleaded guilty to Count ONE of the Indictment.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 21 U.S.C. §841(a)(1)<br>21 U.S.C. §841(a)(1)<br>21 U.S.C. §843(a)(2)<br>21 U.S.C. §843(a)(3)<br>21 U.S.C. §856(a)(1)<br>21 U.S.C. §§846 and 841(b)(1)(C) 843(d), and 856(b) | Conspiracy to a) Distribute and Possess With Intent to Distribute Oxycodone; b) Dispense and Distribute Oxycodone, not for a Legitimate Medical Purpose; c) Use a Registration Number that was Issued to Another Person in the Course of Distributing and Dispensing Oxycodone; d) Acquire and Obtain Possession of Oxycodone, by Fraud; e) Maintain Certain Places for the Purpose of Distributing and Dispensing Oxycodone. | November 3, 2010 | ONE |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS FURTHER ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: January 24, 2013

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE
DATE: January 24, 2013

Defendant:   LOUIS FERNANDEZ, JR.                                   Judgment - Page 2 of 8
Case No.:    8:10-cr-530-T-33AEP

## IMPRISONMENT

        The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **TWENTY-FOUR (24) MONTHS**.

_X_    The Court makes the following *recommendations* to the Bureau of Prisons:

        1)    Confinement at either a Federal Prison Camp in Pensacola, FL or Montgomery, AL.

__    The defendant is remanded to the custody of the United States Marshal.
__    The defendant shall surrender to the United States Marshal for this district.

      __ at __ a.m./p.m. on __.
      __ as notified by the United States Marshal.

_X_    The Government shall file with the Court and the USMS notification within five (5) days of the completion of the defendant's cooperation. Upon which time, defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

      __ before 2 p.m. on __.
     _X_ as notified by the United States Marshal.
      __ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

    Defendant delivered on _____ to _____
__ at _____, with a certified copy of this judgment.

                                                                  _____
                                                                  United States Marshal

                                                   By: _____
                                                             Deputy United States Marshal

Defendant:     LOUIS FERNANDEZ, JR.                             Judgment - Page 3 of 8
Case No.:      8:10-cr-530-T-33AEP

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **TWELVE (12) MONTHS.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime. Based on the probation officer's determination that additional drug urinalysis is necessary, the Court authorizes random drug testing not to exceed 104 tests per year. The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.

The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

__X__   The mandatory drug testing provisions of the Violent Crime Control Act are waived. However, the court authorizes the Probation Office to conduct random drug testing not to exceed 104 tests per year.

__X__   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

__X__   The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the Court or Probation Officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

aO 245B (Rev 06/05) Sheet 5 - Criminal Monetary Penalties (Judgment in a Criminal Case)

Defendant: LOUIS FERNANDEZ, JR.  
Case No.: 8:10-cr-530-T-33AEP  
Judgment - Page 4 of 8

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Total Restitution** |
|---|---|---|---|
| **Totals:** | $100.00 | Waived | N/A |

— The determination of restitution is deferred until ___. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

— The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. 3664(i), all non-federal victims must be paid before the United States.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **Totals:** | $ | $ | |

— Restitution amount ordered pursuant to plea agreement $ _____.

— The defendant must pay interest on a fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

— The court determined that the defendant does not have the ability to pay interest and it is ordered that:

— the interest requirement is waived for the ___ fine ___ restitution.

— the interest requirement for the ___ fine ___ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

Defendant:   LOUIS FERNANDEZ, JR.                           Judgment - Page 5 of 8
Case No.:    8:10-cr-530-T-33AEP

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A.   __X__   Lump sum payment of $ 100.00 due immediately, balance due

             ___ not later than _____, or

             ___ in accordance ___ C, ___ D, ___ E or ___ F below; or

B.   ___     Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C.   ___     Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D.   ___     Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E.   ___     Payment during the term of supervised release will commence within ___ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F.   ___     Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

___   Joint and Several

      Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:


___   The defendant shall pay the cost of prosecution.

___   The defendant shall pay the following court cost(s):

___   The defendant shall forfeit the defendant's interest in the following property to the United States:


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:10-cr-530-T-33AEP

LOUIS FERNANDEZ, JR.

**FORFEITURE MONEY JUDGMENT AND PRELIMINARY
ORDER OF FORFEITURE FOR SPECIFIC ASSETS**

Before the Court is the United States' Motion for a Forfeiture Money Judgment against defendant Louis Fernandez, Jr., in the amount of $10,700,592.00, and for a Preliminary Order of Forfeiture for the following assets, pursuant to 21 U.S.C. § 853 and Federal Rule of Criminal Procedure 32.2(b)(2):

- a. $1,609,520.00 in U.S. currency, seized from Regions Bank on May 20, 2010;
- b. $2,545.00 in U.S. currency, seized from Christopher Switlyk on May 20, 2010;
- c. $7,960.00 in U.S. currency, seized from Thomas Curtiss on May 20, 2010;
- d. $425,730.00 in U.S. currency, seized from VIP Pharmacy on May 20, 2010;
- e. $25,630.00 in U.S. currency, seized from Tampa Bay Wellness Center on May 20, 2010;
- f. Regions Bank cashier's check No. 5003014747, in the amount of $42,101.94, seized on May 21, 2010;
- g. 363 assorted money orders in the amount of $267,650.00, seized from VIP Pharmacy on May 20, 2010;
- h. 6 assorted money orders in the amount of $4,000.00, seized from Thomas Curtiss on May 20, 2010; and

Being fully advised of the relevant circumstances, the Court hereby finds that the United States has established that the defendant obtained at least $10,700,592.00 in proceeds as a result of the oxycodone trafficking conspiracy alleged in Count One of the Indictment, in violation of 21 U.S.C. §§ 846, 841(b)(1)(C), 843(d), and 856(b), for which defendant Fernandez, Jr., has been convicted.

The Court further finds that the United States has established the requisite nexus between the crime of conviction and the assets described above.

The Court further finds that the United States is entitled under 21 U.S.C. § 853(p) to forfeit any of the defendant's property up to the value of the defendant's $10,700,592.00 money judgment.

Accordingly, it is hereby:

ORDERED and ADJUDGED that for good cause shown, the United States' motion is GRANTED.

It is FURTHER ORDERED that, pursuant to the provisions of 21 U.S.C. § 853 and Federal Rule of Criminal Procedure 32.2(b)(2), defendant Fernandez, Jr., is jointly and severally liable to the United States of America for a forfeiture money judgment in the amount of $10,700,592.00, which represents the amount of proceeds the defendant received as a result of the offense of conviction as charged in Count One of the Indictment.

It is FURTHER ORDERED that the assets described above are hereby

2

FORFEITED to the United States of America for disposition according to law, pursuant to the provisions of 21 U.S.C. § 853.

It is FURTHER ORDERED that, in accordance with his Plea Agreement (Doc. 94), the net proceeds from the forfeiture of these assets will be credited toward the satisfaction of the defendant's $10,700,592.00 forfeiture money judgment.

Upon entry, this order shall become a final order of forfeiture as to defendant Louis Fernandez, Jr.'s interest in the assets described above and the $10,700,592.00 forfeiture money judgment.

DONE and ORDERED in Chambers in Tampa, Florida, this 13th day of November, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE