AO 245B (Rev 06/05) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

UNITED STATES OF AMERICA

vs.

LOUIS FERNANDEZ, JR.

**AMENDED JUDGMENT IN A CRIMINAL CASE**

CASE NUMBER: 8:10-cr-530-T-33AEP
USM NUMBER: 53914-018

Defendant's Attorney: Andrew Shein, CJA

THE DEFENDANT:

__X__ pleaded guilty to Count ONE of the Indictment.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 21 U.S.C. §841(a)(1) | Conspiracy to a) Distribute and Possess With Intent to Distribute Oxycodone; | November 3, 2010 | ONE |
| 21 U.S.C. §841(a)(1) | b) Dispense and Distribute Oxycodone, not for a Legitimate Medical Purpose; | | |
| 21 U.S.C. §843(a)(2) | c) Use a Registration Number that was Issued to Another Person in the Course of Distributing and Dispensing Oxycodone; | | |
| 21 U.S.C. §843(a)(3) | d) Acquire and Obtain Possession of Oxycodone, by Fraud; e) Maintain Certain Places for the Purpose of Distributing and Dispensing Oxycodone. | | |
| 21 U.S.C. §856(a)(1) | | | |
| 21 U.S.C. §§846 and 841(b)(1)(C) 843(d), and 856(b) | | | |

The defendant is sentenced as provided in pages 2 through 9 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS FURTHER ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: May 12, 2014

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE
DATE: May 12, 2014

I certify the foregoing to be a true and correct copy of the original.
SHERYL L. LOESCH, Clerk
United States District Court
Middle District of Florida
By: _____ Deputy Clerk

374

Defendant: LOUIS FERNANDEZ, JR.
Case No.: 8:10-cr-530-T-33AEP

Judgment - Page 2 of 9

## PROBATION

The defendant is hereby placed on probation for a term of **THIRTY-SIX (36) MONTHS**.

The defendant shall not commit another federal, state, or local crime.

Based on the probation officer's determination that additional drug urinalysis is necessary, the Court authorizes random drug testing not to exceed 104 tests per year. The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release upon placement on probation and at least two periodic drug tests thereafter, as determined by the court.

X   The mandatory drug testing provisions of the Violent Crime Control Act are waived. However, the court authorizes the Probation Office to conduct random drug testing not to exceed 104 tests per year.

X   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

X   The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the Court or Probation Officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instruction of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev 06/05) Sheet 4C - Probation (Judgment in a Criminal Case)

| | |
|---|---|
| Defendant: LOUIS FERNANDEZ, JR. | Judgment - Page 3 of 9 |
| Case No.: 8:10-cr-530-T-33AEP | |

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

X  The defendant shall participate in the Home Detention program for a period of **FOUR (4) MONTHS**. During this time, defendant will remain at defendant's place of residence except for employment and other activities approved in advance by the defendant's Probation Officer. Defendant will be subject to the standard conditions of Home Detention adopted for use in the Middle District of Florida, which may include the requirement to wear an electronic monitoring device and to follow electronic monitoring procedures specified by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such monitoring not to exceed an amount determined reasonable by the Probation Officer based on ability to pay (or availability of third party payment) and in conformance with the Probation Office's Sliding Scale for Electronic Monitoring Services.

Defendant: LOUIS FERNANDEZ, JR.
Case No.: 8:10-cr-530-T-33AEP

Judgment - Page 4 of 9

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Total Restitution** |
|---|---|---|---|
| **Totals:** | $100.00 | Waived | N/A |

— The determination of restitution is deferred until ____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

— The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. 3664(i), all non-federal victims must be paid before the United States.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **Totals:** | $ | $ | |

— Restitution amount ordered pursuant to plea agreement $ _____.

— The defendant must pay interest on a fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

— The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   — the interest requirement is waived for the ___ fine ___ restitution.

   — the interest requirement for the ___ fine ___ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev 06/05) Sheet 6 - Schedule of Payments (Judgment in a Criminal Case)

Defendant: LOUIS FERNANDEZ, JR.  
Case No.: 8:10-cr-530-T-33AEP

Judgment - Page 5 of 9

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A. __X__ Lump sum payment of $ 100.00 due immediately, balance due

    __ not later than _____, or

    __ in accordance __ C, __ D, __ E or __ F below; or

B. __ Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C. __ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D. __ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E. __ Payment during the term of supervised release will commence within __ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F. __ Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

__ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:


__ The defendant shall pay the cost of prosecution.

__ The defendant shall pay the following court cost(s):

__ The defendant shall forfeit the defendant's interest in the following property to the United States:


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:10-cr-530-T-33AEP

LOUIS FERNANDEZ, JR.

### FINAL JUDGMENT OF FORFEITURE FOR SPECIFIC ASSETS

THIS CAUSE comes before the Court upon the filing of the Motion by the United States for a Final Judgment of Forfeiture, pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), for the following assets:

a. $1,609,520.00 in U.S. currency, seized from Regions Bank on May 20, 2010;

b. $7,960.00 in U.S. currency, seized from Thomas Curtiss on May 20, 2010; and

c. 6 assorted money orders in the amount of $4,000.00, seized from Thomas Curtiss on May 20, 2010.

Being fully advised of the relevant facts, the Court finds that on November 13, 2012, the Court, entered a Forfeiture Money Judgment in the amount of $10,700,592.00 and a Preliminary Order of Forfeiture for Specific Assets, pursuant to 21 U.S.C. § 853, forfeiting to the United States all right, title, and interest of defendant Fernandez, Jr. in the assets. Doc. 246.

The Court further finds that on January 24, 2013, the defendant was sentenced and the forfeiture was included in his Judgment in a Criminal Case. Docs. 295 and 298.

The Court further finds that in accordance with 21 U.S.C. § 853(n) and Rule 32.2(b)(6)(C), the United States published notice of the forfeiture and of its intent to dispose of the assets on the official government website, www.forfeiture.gov, from December 1, 2012 through December 30, 2012. Doc. 274. The publication gave notice to all third parties with a legal interest in the assets to file with the Office of the Clerk, United States District Court, Middle District of Florida, Sam Gibbons Federal Courthouse, 2nd Floor, 801 North Florida Avenue, Tampa, Florida 33602, a petition to adjudicate their interest within 60 days of the first date of publication.

The Court further finds that no person or entity, other than defendants Fernandez, Jr., Louis Fernandez, III, Christopher Switlyk, Kimberly Curtiss, and Marco Switlyk–whose interests were forfeited to the United States in Preliminary Orders of Forfeiture for Specific Assets, and Stephen R. Switlyk, Steven Robert Miller, and Thomas Curtiss, who were mailed notices of the forfeiture action, are known to have an alleged interest in the assets. No third party has filed a petition or claimed an interest in the assets, and the time for filing a petition has expired. Accordingly, it is hereby:

ORDERED, ADJUDGED, and DECREED that for good cause shown, the United States' motion is GRANTED.

It is FURTHER ORDERED that pursuant to the provisions of 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), all right, title and interest in the assets is CONDEMNED and FORFEITED to the United States for disposition according to law.

2

Clear title to the assets is now vested in the United States of America.

DONE and ORDERED in Tampa, Florida, this 25th day of March, 2013.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

3